# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY SWEETEN** and **CHRISTINE SWEETEN,** : Plaintiffs : : v. : : **LAYSON'S HOME IMPROVEMENT'S, INC.,** : Defendant : : v. : : **ANN LEFEVRE,** : Third-Party Defendant : : v. : : **GERALD SWEETEN,** : Third-Party Defendant : | CIVIL ACTION NO. 1:04-CV-2771 (Judge Conner) |

## MEMORANDUM

Presently before the court are the motion for summary judgment (Doc. 33), filed by defendant Layson's Home Improvements, Inc. ("Layson's"), and the motion for summary judgment (Doc. 35), filed by third-party defendant Ann LeFevre ("LeFevre"). For the reasons that follow, Layson's motion for summary judgment will be denied, and LeFevre's motion for summary judgment will be denied in part.

**I.  Statement of Facts**[1]

On December 31, 2002, plaintiff Jeremy Sweeten ("Jeremy") was moving furniture into the home of his aunt, LeFevre. (Doc. 44 ¶ 1; Doc. 53 ¶ 1.) Jeremy and

---

[1] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to plaintiffs, the non-moving party. See infra Part II.

his father, third-party defendant Gerald Sweeten ("Gerald"), were carrying a bookcase down a newly-renovated stairway into LeFevre's basement when Jeremy lost his footing. (Doc. 44 ¶ 2; Doc. 53 ¶ 2.) At the time of the accident, Jeremy was negotiating the stairway backwards. (Doc. 44 ¶ 2; Doc. 53 ¶ 2.) Jeremy fell down the stairway, and the bookcase fell on top of him. (Doc. 44 ¶ 3; Doc. 53 ¶ 3.) Jeremy suffered a broken arm and a forehead laceration as a result of the fall. (Doc. 44 ¶ 4; Doc. 53 ¶ 4; Doc. 1 ¶ 13.)

LeFevre's home renovations were completed by Layson's. As a component of the renovations, Layson's replaced the stair treads on LeFevre's basement stairway. (Doc. 44 ¶ 6; Doc. 53 ¶ 6.) Less than one month after the accident, Commonwealth Code Inspection Service, Inc. ("CCIS") issued a final inspection report concerning the renovations conducted by Layson's. (Doc. 42, Ex. C.) The CCIS report notes several defects in the stairway's construction, including problems with the stair treads and the handrail. (Doc. 42, Ex. C.) In June 2005, a second inspection of LeFevre's stairway was conducted by a civil consulting engineer whom Jeremy had hired. (Doc. 42, Ex. B at 1.) The engineer's expert report also reveals several problems with the stair treads and the handrail. (Doc. 42, Ex. B at 2.)

On December 21, 2004, Jeremy commenced the instant action, alleging that his accident was caused by "a faulty stair tread" that Layson's had not properly installed or inspected. (Doc. 1 ¶¶ 8, 11.) On August 9, 2005, Layson's filed a third-party complaint against LeFevre. Layson's alleges that, should Jeremy prevail on

his claim against it, LeFevre should also be held liable because she knew the condition of the stairway but failed to warn Jeremy of that condition. (Doc. 11 ¶¶ 6-7.) On September 6, 2005, LeFevre filed a third-party complaint against Gerald, alleging that his "negligent handling" of the bookcase contributed to the accident. (Doc. 21 ¶ 7.)

Defendants Layson's and LeFevre filed separate motions for summary judgment. (Docs. 33, 35.) Both defendants argue that Jeremy cannot present any evidence to suggest that a defect in the stairway caused his fall. (Doc. 33 ¶ 14; Doc. 35 ¶ 12.) LeFevre further argues that no evidence of record suggests that she had knowledge of any defect in the stairway prior to Jeremy's fall. (Doc. 35 ¶ 26.) The motions have been fully briefed and are ripe for disposition.[2]

## II. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact," and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). It places the burden on the non-moving party to come forth with "affirmative evidence,

---

[2] The court notes that Layson's failed to respond to LeFevre's argument that no evidence of record suggests that she had knowledge of a defect in the stairway prior to Jeremy's fall. However, this argument was not clearly delineated in LeFevre's motion for summary judgment; it was buried in the conclusion of the motion. (See Doc. 35 ¶ 26.) Indeed, the motion and supporting brief imply that LeFevre is seeking summary judgment solely because "there is no credible evidence that any alleged defect in the subject staircase was the proximate or legal cause of [Jeremy's] fall." (Doc. 35 at 3; see also Doc. 37 at 3.) Accordingly, Layson's shall be permitted additional time to respond to LeFevre's argument for summary judgment on Layson's claim against her.

beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### III. Discussion[3]

Defendants Layson's and LeFevre move for summary judgment on Jeremy's negligence claim on the ground that Jeremy has failed to present evidence that a defect in the stairway caused his fall. To survive a motion for summary judgment in a negligence case, the plaintiff need only produce evidence from which "a reasonable jury could find breach of a duty of care and actual damages sustained as a proximate cause of the breach."[4] Player v. Motiva Enters., No. Civ. 02-3216, 2006

---

[3] Jurisdiction over all of the parties' claims is based on diversity of citizenship, see 28 U.S.C. § 1332, and none of the parties dispute the applicability of Pennsylvania law, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); see also Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992) (noting that federal courts sitting in diversity must apply the substantive law of the state of the forum state).

[4] Generally, it is extremely difficult to grant summary judgment in negligence cases because of "the jury's unique competence in applying the reasonable man standard." TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 450 n.12 (1976).

WL 166452, at *8 (D.N.J. Jan. 20, 2006).  Here, defendants' motions address only Jeremy's ability to prove causation, so the remaining elements will not be discussed.

In moving for summary judgment, defendants rely heavily on the fact that none of the three witnesses to the accident testified with certainty that a defect in the stairway caused the accident.  (Doc. 34 at 4-5; Doc. 37 at 3-5.)  However, even absent such testimony, Jeremy presents sufficient evidence for a reasonable jury to conclude that a defect in the stairway caused his fall.  First, Jeremy offers two inspection reports that reveal numerous defects in the stairway.  (See Doc. 42, Exs. B, C.)  Second, Jeremy points to LeFevre's deposition in which she concedes that one of the steps on the stairway appeared loose after the accident.  (Doc. 42, Ex. D at 42-43.)  Finally, Jeremy suggests that the Layson's employee who renovated the stairway was sixteen years of age and untrained.  (Doc. 43 at 5.)

Given the clear factual dispute as to causation, summary judgment is inappropriate and Layson's motion (Doc. 33) for summary judgment will be denied.  To the extent that LeFevre's motion (Doc. 35) for summary judgment repeats the arguments made by Layson's, it will likewise be denied.  With respect to LeFevre's remaining argument that she lacked knowledge of any defect, further briefing is required.[5]  An appropriate order will issue.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

Dated:      December 12, 2006

---

[5] See infra note 2.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY SWEETEN** and **CHRISTINE SWEETEN,**     Plaintiffs | CIVIL ACTION NO. 1:04-CV-2771 <br><br> (Judge Conner) |
| v. | |
| **LAYSON'S HOME IMPROVEMENT'S, INC.,**     Defendant | |
| v. | |
| **ANN LEFEVRE,**     Third-Party Defendant | |
| v. | |
| **GERALD SWEETEN,**     Third-Party Defendant | |

## ORDER

AND NOW, this 12th day of December, 2006, upon consideration of the motions for summary judgment (Docs. 33, 35), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for summary judgment (Doc. 33), filed by defendant Layson's Home Improvements, Inc. ("Layson's"), is DENIED.

2. The motion for summary judgment (Doc. 35), filed by third-party defendant Ann LeFevre ("LeFevre"), is DENIED in part as follows:

    a. The motion (Doc. 35) is DENIED with respect to her claim that plaintiff Jeremy Sweeten has failed to proffer evidence that a defect in the stairway caused his fall.

    b. The court will defer ruling on LeFevre's request for summary judgment on Layson's claim against her pending briefing.

    i.      Layson's shall be permitted to file, on or before December 29, 2006, a brief in opposition to the motion for summary judgment (Doc. 35).  Failure to comply with this paragraph shall result in the motion being deemed unopposed.  See L.R. 7.6.

    ii.     Layson's shall be permitted to file, on or before December 29, 2006, a statement of material facts specifically responding to the numbered paragraphs in LeFevre's statement of material facts (Doc. 60).  See L.R. 56.1.

          (1)    The statement of material facts shall include <u>specific references to the parts of the record</u> that support the statements and shall comply in all respects with Local Rule 56.1.

          (2)    Failure to file timely a statement of material facts in accordance with Local Rule 56.1 will result in the facts set forth in LeFevre's statement of material facts (Doc. 60) being deemed admitted.  See L.R. 56.1.

    iii.    If Layson's opposes the motion for summary judgment (Doc. 35), Lefevre shall file, on or before January 12, 2007, a brief in reply.


                                               S/ Christopher C. Conner  
                                              CHRISTOPHER C. CONNER  
                                              United States District Judge