IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY SWEETEN** and **CHRISTINE SWEETEN,** | : : | CIVIL ACTION NO. 1:04-CV-2771 |
| Plaintiffs | : : | (Judge Conner) |
| v. | : : | |
| **LAYSON'S HOME IMPROVEMENTS, INC.,** | : : : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court are the motions in limine (Docs. 67, 68, 69), filed by defendant Layson's Home Improvements, Inc. ("Layson's"), to preclude plaintiffs from offering evidence regarding: (1) the inspection report prepared by Peter Schilling from Commonwealth Code Inspection Service, Inc. on January 21, 2002 (hereinafter "the Schilling report"); (2) the expert report prepared by James C. Druecker on June 27, 2005 (hereinafter "the Druecker report"); and (3) plaintiff Jeremy Sweeten's loss of wages. For the reasons that follow, the motions will be denied.

**I.     Factual Background**

On December 31, 2002, plaintiff Jeremy Sweeten ("Jeremy") was moving furniture into the home of his aunt, Ann LeFevre ("LeFevre"). (Doc. 44 ¶ 1; Doc. 53 ¶ 1.) Jeremy and his father, Gerald Sweeten ("Gerald"), were carrying a bookcase down a newly-renovated stairway into LeFevre's basement when Jeremy lost his footing and fell down the stairway. (Doc. 44 ¶¶ 2-3; Doc. 53 ¶¶ 2-3.) The bookcase fell on top of Jeremy, and he suffered a broken arm and a forehead laceration.

(Doc. 44 ¶¶ 3-4; Doc. 53 ¶¶ 3-4; Doc. 1 ¶ 13.)  Prior to Jeremy's accident, Layson's had replaced the stair treads on LeFevre's basement stairway.  (Doc. 44 ¶ 6; Doc. 53 ¶ 6.)  Jeremy now argues that his accident was caused by "a faulty stair tread" that Layson's had negligently installed or inspected.  (Doc. 1 ¶¶ 8, 11.)

## II.  Discussion

### A.  The Schilling Report

Less than one month after Jeremy's accident, Peter Schilling of Commonwealth Code Inspection Service, Inc. issued a final inspection report concerning the renovations conducted by Layson's.  (Doc. 42, Ex. C.)  The Schilling report notes several defects in the stairway's construction, including problems with the stair treads and the handrail.  (Id.)  Layson's argues that all testimony regarding the Schilling report should be excluded as irrelevant because the report "fails to derive any connection between the condition of the stairs and the incident in question."  (Doc. 70 at 4.)  Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible."  FED. R. EVID. 402.  Rule 401 provides that:

> "Relevant evidence" means evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401 (emphasis added).  In the instant case, the court finds that the Schilling report meets the liberal standard for relevance set forth in Rule 401.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 587 (1993) (stating that Rule 401's "basic standard of relevance . . . is a liberal one").  Because the Schilling

report addresses the issue of whether the stairway complied with construction code requirements, the report has a tendency to prove whether Layson's construction of the stairway contributed to Jeremy's accident. See Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992) (stating that determination of relevancy requires a court to determine the "relation between an item of evidence and a matter properly provable in the case").

Layson's also argues that the Schilling report should be excluded under Federal Rule of Evidence 702 because the report does not provide an explanation of the principles and methods upon which its findings were based. (Doc. 70 at 4.) Rule 702 provides, in pertinent part, that:

> [A] witness *qualified as an expert* . . . may testify . . . in the form of an opinion or otherwise, if
> (1) the testimony is based upon sufficient facts or data,
> (2) the testimony is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702 (emphasis added). In the instant case, plaintiffs do not seek to proffer Schilling as an expert witness. (See Doc. 84 ¶¶ 6-7.) Accordingly, the requirements of Rule 702 do not serve as a barrier to the admissibility of the Schilling report, and the court will deny defendant's motion in limine with respect to this issue.

  **B. The Druecker Report**

On June 27, 2005, a second inspection of LeFevre's stairway was conducted by James C. Druecker, a civil consulting engineer whom the plaintiffs had hired.

(Doc. 42, Ex. B at 1.)  Like the Schilling report, the Druecker report revealed several problems with the stair treads and the handrail.  (Doc. 42, Ex. B at 2.)  Because Druecker was retained as an expert by the plaintiffs, the admissibility of his report and any related testimony must be analyzed under Rule 702 of the Federal Rules of Evidence.

Rule 702 sets forth three general requirements for admissibility of expert testimony:  (1) the expert must be qualified by "knowledge, skill, experience, training, or education," (2) the expert must testify to "scientific, technical, or other specialized knowledge," and (3) the expert's testimony must "assist the trier of fact."  FED. R. EVID. 702; see also Kent v. Howell Electric Motors, No. CIV. A. 96-7221, 1999 WL 517106, at *2-4 (E.D. Pa. July 20, 1999).  In the instant case, Layson's contests only the third requirement, arguing that Druecker's conclusions would not assist the trier of fact because they are "speculative and assume[] facts that are inconsistent with the evidence."  (Doc. 70 at 3.)  To meet this third requirement, an expert must connect his or her conclusions to the "particular disputed factual issues in the case."  In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 743 (3d Cir. 1994).  Essentially, this requirement presents an issue of relevance.  In re Unisys Sav. Plan Litig., 173 F.3d 145, 168 (3d Cir. 1999).  An expert's opinion is not relevant "where the only bridge between the expert's conclusion and the data is the expert [himself or] herself."  Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1998).  In other words, an expert's opinion is not relevant when it is based upon speculation.  Id.

The court finds that Druecker's testimony would assist the trier of fact to understand the evidence in the instant case. Druecker's report interprets technical construction code requirements and applies those requirements to the stairway in LeFevre's basement. (See Doc. 67, Ex. A at 2.) Druecker's conclusions are based not upon speculation but upon a site inspection of LeFevre's home and a review of a number of documents, including deposition transcripts and other witness statements. (Id. at 1.) Accordingly, the court will deny defendant's motion in limine with respect to the Druecker report.

### C.   **Wage Loss Evidence**

Layson's contends that all evidence of Jeremy's lost wages should be excluded because Jeremy failed to present documentation in support of his wage loss during discovery. (See Doc. 69 ¶ 5; Doc. 70 at 5.) For a question of damages to be submitted to a jury in Pennsylvania,[1] a plaintiff must present "sufficient data from which the damages can be assessed with reasonable certainty." Gordon v. Trovato, 338 A.2d 653, 657 (Pa. Super. Ct. 1975). With respect to wage loss evidence, testimony alone may be sufficient to meet this standard. See Pratt v. Stein, 444 A.2d 674, 696 (Pa. Super. Ct. 1982) (finding the plaintiff's testimony regarding where he worked and how much he was paid sufficient to permit wage loss issue to reach

---

[1] Jurisdiction over plaintiffs' claims is based on diversity of citizenship, see 28 U.S.C. § 1332, and none of the parties dispute the applicability of Pennsylvania law, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); see also Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992) (noting that federal courts sitting in diversity must apply the substantive law of the state of the forum state).

the jury); see also Robinson v. Upole, 750 A.2d 339, 343-344 (Pa. Super. Ct. 2000) (stating that testimony of witnesses other than the plaintiff is not necessary to prove wage loss).

In the instant case, Jeremy is prepared to present his testimony and the testimony of his father in support of his alleged wage loss. (See Doc. 83 ¶ 5.) Jeremy's apparent inability to provide documentation in support of his wage loss testimony goes to the weight of that evidence and not to its admissibility. See Robinson, 750 A.2d at 344 ("It is within the province of the jury to judge the credibility of witnesses."). Finding that Jeremy may present testimony regarding his alleged wage loss,[2] the court will deny defendant's motion in limine with respect to that issue.

### III. Conclusion

For the foregoing reasons, the court will deny defendant's motions in limine (Docs. 67, 68, 69). An appropriate order shall issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     April 19, 2007

---

[2] Whether such testimony is sufficient to permit the wage loss issue to reach the jury is a question reserved for trial. See Robinson, 750 A.2d at 343-44.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY SWEETEN** and **CHRISTINE SWEETEN,** | : : | **CIVIL ACTION NO. 1:04-CV-2771** |
| Plaintiffs | : : | **(Judge Conner)** |
| v. | : : | |
| **LAYSON'S HOME IMPROVEMENTS, INC.,** | : : | |
| Defendant | : : | |

## **ORDER**

AND NOW, this 19th day of April, 2007, upon consideration of the motions in limine (Docs. 67, 68, 69), filed by defendant Layson's Home Improvements, Inc., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motions in limine (Docs. 67, 68, 69) are DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge