IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY SWEETEN** and **CHRISTINE SWEETEN,** | : : | CIVIL ACTION NO. 1:04-CV-2771 |
| Plaintiffs | : : | (Judge Conner) |
| v. | : : | |
| **LAYSON'S HOME IMPROVEMENTS, INC.,** | : : : | |
| Defendant | : | |

**MEMORANDUM**

Presently before the court is plaintiffs' motion in limine (Doc. 111) to preclude defendant Layson's Home Improvements, Inc. ("Layson's") from offering any evidence of plaintiffs' settlements with two former third-party defendants. For the reasons that follow, the motion will be granted.

**I.   Factual and Procedural Background**

On December 31, 2002, plaintiff Jeremy Sweeten ("Jeremy") was moving furniture into the home of his aunt, Ann LeFevre ("LeFevre"). (Doc. 44 ¶ 1; Doc. 53 ¶ 1.) Jeremy and his father, Gerald Sweeten ("Gerald"), were carrying a bookcase down a newly-renovated stairway into LeFevre's basement when Jeremy lost his footing and fell down the stairway. (Doc. 44 ¶¶ 2-3; Doc. 53 ¶¶ 2-3.) The bookcase fell on top of Jeremy, and he suffered a broken arm and a forehead laceration. (Doc. 44 ¶¶ 3-4; Doc. 53 ¶¶ 3-4; Doc. 1 ¶ 13.) Prior to Jeremy's accident, Layson's had replaced the stair treads on LeFevre's basement stairway. (Doc. 44 ¶ 6; Doc. 53 ¶ 6.) Jeremy now argues that his accident was caused by "a faulty stair tread" that Layson's had negligently installed or inspected. (Doc. 1 ¶¶ 8, 11.)

On December 21, 2004, plaintiffs commenced the instant action. On August 9, 2005, Layson's filed a third-party complaint against LeFevre, alleging that she knew the condition of the stairway but failed to warn Jeremy of that condition. (Doc. 11 ¶¶ 6-7.) LeFevre subsequently filed a third-party complaint against Gerald, alleging that his "negligent handling" of the bookcase contributed to the accident. (Doc. 21 ¶ 7.) On January 24, 2007, plaintiffs settled with LeFevre and Gerald, evidenced by joint tortfeasor releases.[1] (See Doc. 111, Exs. 1-2.) By order of court dated February 13, 2007 (Doc. 93), this court granted LeFevre's motion for summary judgment (Doc. 35), removing LeFevre and Gerald as parties to the above-captioned action.

## II.    Discussion

Plaintiffs seek to preclude Layson's from offering any evidence of plaintiffs' settlements with LeFevre and Gerald. Layson's argues that evidence of the settlements is admissible under Rule 408(b) of the Federal Rules of Evidence to prove bias when LeFevre and Gerald testify at trial. Rule 408 of the Federal Rules of Evidence provides:

> (a)    Prohibited uses.-- Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

---

[1] LeFevre and Gerald each settled with plaintiffs for $5,000. (See Doc. 111, Exs. 1-2.)

>   (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
>   (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses.-- This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.

In the instant case, there is no dispute that the settlements at issue would be inadmissible under Rule 408 absent a permissible use in subsection (b). Layson's contends that bias is such a use as LeFevre and Gerald "may be inclined to downplay [Jeremy's] role in his injuries . . . [and] to testify favorably towards" plaintiffs because LeFevre and Gerald are now immune from liability. (Doc. 114 at 5.) Layson's argues that this immunity from liability is a potential bias that warrants admission of evidence of the settlements under the rationale set forth in Hatfield v. Cont'l Imports, Inc., 610 A.2d 446 (Pa. 1992) (holding that evidence of a settlement agreement with former defendants was admissible at trial of the remaining defendant). The court is unpersuaded. First, by definition, settlements eliminate exposure to liability. The court is disinclined to adopt a *per se* rule that

settlements of any witnesses would be automatically admissible.  The court finds that Rule 408(b) does not envision such a broad ground for admissibility.

Second, Hatfield is easily distinguishable.  The Hatfield settlement involved a "Mary Carter" agreement,[2] which Layson's acknowledges is not present in the instant matter.  (See Doc. 114 at 5.)  In Hatfield, the Pennsylvania Supreme Court found a "clear potential for bias" in the settlement agreement because the agreement itself created a financial interest for the settling defendants in the outcome of plaintiffs' case against the remaining defendant (i.e., the settling defendants' financial obligation to plaintiffs would decrease if plaintiffs were successful at trial or settled with the remaining defendant) .  Hatfield, 610 A.2d at 448, 452.  Unlike the settlement in Hatfield, the settlements at issue do not give LeFevre or Gerald an interest in the outcome of the instant matter.  Regardless of the outcome of plaintiffs' claims against Layson's, LeFevre and Gerald's obligation to plaintiffs will remain unchanged.

For the foregoing reasons, the court finds that these settlements do not demonstrate the bias envisioned by Rule 408(b) and, therefore, are inadmissible.  To find otherwise would discourage future plaintiffs from settling with less than all

---

[2] The term "Mary Carter agreement" generally "appl[ies] to any agreement between the plaintiff and some, but less than all, defendants whereby the parties place limitations on the financial responsibility of the agreeing defendants, the amount of which is variable and usually in some inverse ratio to the amount of recovery which the plaintiff is able to make against the nonagreeing defendant or defendants."  Langer v. Monarch Life Ins. Co., 996 F.2d 786, 792 n.3 (3d Cir. 1992); see also Hatfield, 610 A.2d at 448-49.

4

defendants.  See FED. R. EVID. 408 advisory committee's note ("[E]xclusion may be based on . . . promotion of the public policy favoring the compromise and settlement of disputes."); see also Young v. Verson Allsteel Press Co., 539 F. Supp. 193, 196 (E.D. Pa. 1982) (noting that the policy underlying Rule 408 is to encourage settlements).  Accordingly, the court will grant plaintiffs' motion in limine and exclude any evidence of plaintiffs' settlements with LeFevre and Gerald.

Even assuming, *arguendo*, that Rule 408 did not warrant the exclusion of evidence of the settlements at issue, the court finds that such evidence is inadmissible under Rule 403 because its minimal probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury.  See FED. R. EVID. 403.  Given evidence of these settlements, the jury may conclude that LeFevre and Gerald are the responsible, or more responsible, parties.[3]  See Young, 539 F. Supp. at 197 n.10.  Likewise, the jury may conclude that the amount already received by plaintiffs represents their total damages.  See id.  The court concludes that these issues cannot be cured by a limiting instruction.  Accordingly, the court finds that the probative value of the settlements is substantially outweighed by the danger of unfair prejudice and misleading the jury and will exclude this evidence under Rule 403.

---

[3] Such a conclusion regarding LeFevre would be improper because the court granted summary judgment in favor of LeFevre on Layson's claim that LeFevre had knowledge of a defect in the stairway prior to Jeremy's fall.  (See Doc. 93.)

5

**III.    Conclusion**

For the foregoing reasons, the court will grant plaintiffs' motion in limine and exclude any evidence of plaintiffs' settlements with LeFevre and Gerald. An appropriate order will issue.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

Dated:     April 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY SWEETEN and CHRISTINE SWEETEN,** | : | CIVIL ACTION NO. 1:04-CV-2771 |
| **Plaintiffs** | : | (Judge Conner) |
| v. | : | |
| **LAYSON'S HOME IMPROVEMENTS, INC.,** | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 19th day of April, 2007, upon consideration of plaintiffs' motion in limine (Doc. 111), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion in limine (Doc. 111) is GRANTED.

2. Defendant Layson's Home Improvements, Inc. is precluded from offering any evidence of plaintiffs' settlements with Ann LeFevre and Gerald Sweeten.

          S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge